1

2

3

4

5              UNITED STATES DISTRICT COURT

6                  EASTERN DISTRICT OF CALIFORNIA

7

8
MATTHEW D. HORN,                    )    1:06-cv-00006-LJO-TAG HC
9                                   )
                                    )    FINDINGS AND RECOMMENDATIONS
10              Petitioner,          )    TO GRANT RESPONDENT'S MOTION
                                    )    TO DISMISS PETITION FOR WRIT OF
11         v.                        )    HABEAS CORPUS FOR LACK OF
                                    )    JURISDICTION; ORDER TO FILE
12   WARDEN BERNIE ELLIS, et al.,    )    OBJECTIONS WITHIN FIFTEEN DAYS
                                    )    (Doc. 19)
13              Respondents.         )
     _____ )

14

15

16         Petitioner is a federal prisoner proceeding with a petition for writ of habeas corpus  pursuant

17   to 28 U.S.C. § 2241.

               **FACTUAL AND PROCEDURAL HISTORY**
18
           On December 14, 2005, Petitioner filed his petition in the Eastern District of Washington.
19
     On January 3, 2006, the case was transferred to the Eastern District of California, Fresno Division.
20
     (Doc. 1).   The petition contends that Petitioner is in the custody of the Bureau of Prisons ("BOP"),
21
     but that the BOP "refuses to exercise its discretion to allow him the 'full benefit' of 6 months of pre-
22
     release placement at a Community Corrections Center."[1]  (Doc. 1, p. 1).  Petitioner contends that, by
23
     regulation, the BOP "does not grant more than 10% of an overall term of imprisonment under its
24
     prerelease program in a CCC, even though federal law allows BOP to designate federal inmates to
25
     CCC facilities for a period of 6 months."  (Id. at p. 2).  Petitioner seeks an order from the Court
26

27         [1]Originally, these centers were called Community Corrections Centers ("CCC's"), the term
     Petitioner uses in his petition.  However, these centers are now called "residential re-entry centers" or
28   "RRC's."  Therefore, the Court will refer to them as RRC's.

1    directed to BOP that Respondent "in good faith, to consider the appropriateness of transferring the

2    petitioner to a community confinement center in light of the factors set forth in Section 3621(b) and

3    any individual factors deemed appropriate by the BOP,  without reference to the BOP policy

4    promulgated in December 2002 and without reference to 28 C.F.R. § 570.21." (Id. at p. 6).

5         On April 21, 2006, the District Court issued an order requiring the BOP to show cause why

6    the writ should not be granted.  (Doc. 13, p. 15).  The Court further ordered that Respondent

7    "immediately and in good faith determine whether Petitioner should be transferred to a CCC for

8    more than forty-three days in completion of his prison sentence." (Id.).   Such a determination was to

9    be made "without reference to the BOP's 2002 and 2005 policies, including 28 C.F.R. § 570.20-21."

10   (Id.).  On May 9, 2006, Respondent filed a response to the Court's show cause order, indicating that

11   it had complied with the Court's order by re-assessing Petitioner's RRC placement and increasing it

12   to forty-seven days.  (Doc. 16, p. 3).  Based on that determination, Respondent argued that the

13   petition was now moot.  (Id.).   On October 14, 2006, Respondent filed the instant motion to dismiss,

14   alleging that because Petitioner had now been released from custody, the petition was moot and the

15   Court lacks jurisdiction to proceed.  (Doc. 19).  Petitioner did not respond to the motion to dismiss.

16                                     **JURISDICTION**

17        Writ of habeas corpus relief extends to a person in custody under the authority of the United

18   States.  See 28 U.S.C. § 2241.  While a federal prisoner who wishes to challenge the validity or

19   constitutionality of his conviction must bring a petition for writ of habeas corpus under 28 U.S.C.

20   § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must

21   bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.  See, e.g.,  Capaldi v. Pontesso,

22   135 F.3d 1122, 1123 (6th Cir. 1998);  Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir.

23   1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Brown v. United States, 610

24   F.2d 672, 677 (9th Cir. 1980).  To receive relief under 28 U.S.C. § 2241 a petitioner in federal

25   custody must show that his sentence is being executed in an illegal, but not necessarily

26   unconstitutional, manner.  See, e.g., Clark v. Floyd, 80 F.3d 371, 372, 374 (9th Cir. 1996)

27   (contending time spent in state custody should be credited toward federal custody);  Jalili, 925 F.2d

28   at 893-94 (asserting petitioner should be housed at a community treatment center);  Barden v.

1  <u>Keohane</u>, 921 F.2d 476, 479 (3rd Cir. 1990) (arguing Bureau of Prisons erred in determining whether

2  petitioner could receive credit for time spent in state custody); <u>Brown</u>, 610 F.2d at 677 (challenging

3  content of inaccurate pre-sentence report used to deny parole).  A petitioner filing a petition for writ

4  of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the

5  petitioner's custodian.  <u>Brown</u>, 610 F.2d at 677.

6        In this case, Petitioner alleges that BOP's policy limiting placement in an RRC to ten percent

7  of his sentence violates federal law.  Petitioner is challenging the legality of the manner in which his

8  sentence is being executed.  Thus, his petition is proper under 28 U.S.C. § 2241.  In addition,

9  because at the time the petition was filed Petitioner was incarcerated at the Taft Correctional

10  Institution, Taft, California, which is within the Eastern District of California, Fresno Division, this

11  Court has jurisdiction to proceed to the merits of the petition.

12                         **EXHAUSTION**

13        A preliminary question is whether petitioner has exhausted available administrative remedies.

14  Before filing a petition for writ of habeas corpus, a federal prisoner challenging any circumstance of

15  imprisonment must first exhaust all administrative remedies.  <u>Western Radio Services Co. v. Espy</u>,

16  79 F.3d 896, 899 (9th Cir. 1996); <u>Martinez v. Roberts</u>, 804 F.2d 570, 571 (9th Cir. 1986); <u>Chua Han</u>

17  <u>Mow v. United States</u>, 730 F.2d 1308, 1313 (9th Cir. 1984); <u>Ruviwat v. Smith</u>, 701 F.2d 844, 845

18  (9th Cir. 1983).

19        The exhaustion prerequisite for filing a § 2241 petition is judicially created; it is not a

20  statutory requirement.  <u>Brown v. Rison</u>, 895 F.2d 533, 535 (9th Cir. 1990), <u>overruled on other</u>

21  <u>grounds</u>, <u>Reno v. Koray</u>, 515 U.S. 50, 54-55 (1995).  Thus, "[b]ecause exhaustion is not required by

22  statute, it is not jurisdictional."  <u>Brown</u>, 895 F.2d at 535.  If a petitioner has not properly exhausted

23  his claims, the district court, in its discretion, may either "excuse the faulty exhaustion and reach the

24  merits,  or require the petitioner to exhaust his administrative remedies before proceeding in court."

25  <u>Id.</u>; <u>McCarthy v. Madigan</u>, 503 U.S. 140, 144-45 (1992), <u>superceded on other grounds</u>, 42 U.S.C.

26  §1997(e).

27        One of the purposes of administrative exhaustion is to allow the agency an opportunity to

28  remedy its own mistakes before being haled into court, and this applies with particular force when

1   the challenged action involves an exercise of the agency's discretionary power.  See, McCarthy v.

2   Madigan, 503 U.S. at 145.  Thus, exhaustion of administrative remedies would be futile and should

3   be excused if the agency lacks authority to grant the requested relief or has predetermined the issued

4   before it.  See id. at 148.

5        Here, although the parties did not address exhaustion, futility is, as mentioned previously, an

6   exception to the exhaustion requirement.  Laing v. Ashcroft, 370 F.3d 994, 1000-01 (9th Cir. 2004).

7   In the instant action, it is apparent that it would be futile for Petitioner to exhaust his administrative

8   remedies because he alleges he is being denied an RRC placement prior to the last ten percent of his

9   prison sentence based on formally-adopted BOP regulations, the validity of which BOP strenuously

10  maintains.  In the Court's view, therefore, Petitioner's exhaustion of his administrative remedies is

11  not a pre-requisite to the District Court's jurisdiction over the case because of the BOP's intractable

12  and immutable policy against the relief sought.

13                                         **DISCUSSION**

14       The case or controversy requirement of Article III of the Federal Constitution deprives the

15  Court of jurisdiction to hear moot cases.  Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 104

16  S.Ct. 373, 374-75 (1983); N.A.A.C.P., Western Region v. City of Richmond, 743 F.2d 1346, 1352

17  (9th Cir. 1984).  A case becomes moot if the "the issues presented are no longer 'live' or the parties

18  lack a legally cognizable interest in the outcome."  Murphy v. Hunt, 455 U.S. 478, 481 (1982).  The

19  federal court are "without power to decide questions that cannot affect the rights of the litigants

20  before them." North Carolina v. Rice, 404 U.S. 244, 246 (1971).

21       Here, the instant petition requested an order from this Court directed to the BOP requiring it

22  to re-assess Petitioner's assignment date to an RRC facility, in anticipation of his release from

23  prison.  It appears that Respondent indeed conducted such an assessment, based on Respondent's

24  May 9, 2006  response to the District Court's order to show cause.  It further appears that Petitioner

25  was subsequently released from custody of the BOP, having completed his sentence.  Thus, there is

26  no further relief the Court can afford to Petitioner.  Therefore, the Court agrees with Respondent that

27  the petition is now moot.

28  ///

U.S. District Court
E. D. California

1

**RECOMMENDATION**

2      Accordingly, the Court RECOMMENDS as follows:

3      1. Respondent's Motion to Dismiss (Doc. 19), be GRANTED;

4      2. The Petition for Writ of Habeas Corpus (Doc. 1), be DISMISSED as moot; and

5      3. The Clerk of Court be DIRECTED to enter judgment.

6      These Findings and Recommendations are submitted to the United States District Judge

7   assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the

8   Local Rules of Practice for the United States District Court, Eastern District of California.  Within

9   fifteen (15) days after being served with a copy, any party may file written objections with the

10   District Court and serve a copy on all parties.  Such a document should be captioned "Objections to

11   Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and

12   filed within ten (10) court days (plus three days if served by mail) after service of the objections.

13   The District Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636

14   (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive

15   the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

16

17   IT IS SO ORDERED.

18   Dated:   **July 19, 2007**                              **/s/ Theresa A. Goldner**
                                                       UNITED STATES MAGISTRATE JUDGE
19

20

21

22

23

24

25

26

27

28